MARY HALE and others v. WILLIAM E. AARON, Executor, and others.

*Executors and Administrators — Purchaser — Account — Residuary Legatee.*

A purchase by an executor of a special legacy is not in fraud of the rights of the residuary legatees, and he can be held to no accountability to them for any profit he may make by such purchase.

(*Peyton* v. *Smith*, 2 D. & B. Eq. 325, cited and approved.)

MOTION in the Cause, heard at Spring Term, 1877, of HALIFAX Superior Court, before *Buxton, J.*

Lewis Hale died, leaving a last will and testament appointing his widow, Sarah Hale, executrix; and upon her death and under her will the defendant entered upon the discharge of his duties as executor of the estates of both of them. Lewis bequeathed his whole estate to his widow except $1,000 to be paid in annual installments of $100. After disposing of her real estate, Sarah bequeathed several thousand dollars to sundry persons to be paid out of the money and choses in action on hand at her death. The plaintiff's residuary legatees alleged that a settlement had been made with all the legatees except themselves, and that the interest of two other legatees had been purchased for less than its value by defendant Grizzard, for the benefit of the defendant executor who has now on hand a large amount of money, &c., unadministered. Wherefore they demanded an account of the administration of the defendant executor, and judgment for the amount of their legacies. They also asked that the defendant Grizzard release to them any claim he may have to any portion of the assets by reason of said assignment, and pay over to them any money he may have received by virtue thereof.

The defendant, Aaron, in his answer says he has filed a

full and perfect account, and has assets sufficient to pay only a ratable part of the amount bequeathed by said Sarah, and that he has paid the amount of the legacy under the will of said Lewis in full.

The defendant, Grizzard, in his answer says that he is the *bona fide* owner of the interest assigned as aforesaid, and holds the same in his own right for a valuable consideration.

The plaintiffs now move that certain promissory notes mentioned in their affidavit and alleged to be a part of the assets of the defendant's testatrix, be delivered to the Clerk of said Court to abide the determination of the action. His Honor did not pass upon the truth of the allegations in the pleadings, but based his decision on the question of law arising thereon—namely, that the executor had a right as against the residuary legatees to purchase and hold the special legacies, and could not be held to account for the profits he might make by such purchase. Motion overruled. Appeal by plaintiffs.

*Messrs. Mullen & Moore*, for plaintiffs.

*Messrs. E. Conigland, W. H. D y* and *John Gatling*, for defendants.

BYNUM, J. His Honor below properly enough rested his decision upon a point which goes to the merits of the action. The case is this: A testator makes a bequest of one thousand dollars to A and four thousand dollars to B and the residue of his estate to C, D and E. The executor purchases and takes an assignment of the special legacies to B and C— at say half their value. Can the residuary legatees claim the benefit of such purchase?—We think not. The case presents no such questions as whether such an assignment would not be void as against creditors, or be set aside at the instance of these special legatees themselves, and the executor be held to account for the full value of the legacies.

The debts are paid and the special legatees who have assigned do not complain. The only parties then who do complain are the residuary legatees. What interest have they in the special legacies?—They are entitled to nothing until these legacies have been paid and are then entitled only to what of the estate is left.

In *Peyton* v. *Smith*, 2 Dev. & Bat. Eq. 325, the administrator purchased at a discount an interest in and to a distributive share of the estate while a suit was pending therefor. The other next of kin alleged that he had paid too little and claimed that the profit made on the purchase should result to them. But the Court held that while such contracts are viewed with jealousy, whether the purchase ought to stand or not is exclusively a matter between the parties to the contract. " As to all others it must be understood as transferring the right which it professes to sell; and the price paid by the purchaser is a matter which concerns none but the parties." It is attempted to distinguish the case before us from the one just cited ; in that, in the latter there was no ulterior trust, but the administrator purchased the distributive share from the *cestui que trust* himself. We do not see the distinction. In our case the purchase was also from the *cestuis que trust*, the special pecuniary legatees. There was no ulterior limitation of these legacies but they belonged absolutely to the first takers. If they had died either before or after reducing the whole or a part of the legacies into possession, the plaintiffs could claim no portion of them under the will as residuary legatees. So far as they are concerned, it was nothing to them whether the special legatees sold for value, or were cheated out of their legacies by the executor or any one else.

There is but one view in which the residuary legatees could have had an interest in the special legacies and a right to maintain such an action as this. If the specific pecuniary legatees or either of them had *released* such legacy, the re-

lease would have enured to the benefit of the residuary lega-tees. But the deeds here, by which the transactions were carried into effect, were not releases of the estate, but direct and formal assignments of the legacies to the purchaser or in trust for him. It is true that the executor cannot sustain this purchase which was clearly made by him in his fiduciary character; but the residuary legatees cannot treat the assignment as if it had been a release and claim the benefit of the executor's purchase. They were not parties to the instruments and cannot insist on their being upheld for their advantage. The benefit of the purchase must belong to the legatees who assigned, when they see fit to claim it, subject to the payment of the principal and interest paid by the executor. Upon such an assertion of their rights they will be remitted to their former state and condition. If this had been a contest between the general creditors and the executor who made the purchase, or if it had been the purchase of an outstanding incumbrance at an under value, in either case the purchase would have enured to the benefit of the estate. It was neither. *Barton* v. *Hassard*, 3 Drury & Warren's Ch. Cases 461. His Honor was therefore correct in holding that the executor had a right as against the residuary legatees to purchase and hold the special legacies, and was not accountable to them for any profit he might make by the purchase.

There is no error.

PER CURIAM.                         Judgment affirmed.